IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Kalaiah Jefferson<br><br>Plaintiff,<br><br>v.<br><br>Self Financial, Inc.,<br><br>Defendant. | CASE NO:<br><br>CV524- 68<br><br>JURY DEMAND |

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SEP 12 2024

FILED

## PLAINTIFF'S COMPLAINT

NOW COMES THE PLAINTIFF, Kalaiah Jefferson, and for her Complaint against the Defendants plead as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff, Kalaiah Jefferson, against Defendant, Self Financial, Inc., for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and for common law misrepresentation, which arise from Defendant's inaccurate and misleading reporting of Plaintiff's credit account information.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under federal law, specifically the Fair Credit Reporting Act.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as Defendant conducts business in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

4. Plaintiff, Kalaiah Jefferson ("Plaintiff"), is a natural person residing in Douglas, Georgia, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant, Self Financial, Inc. ("Defendant"), is a financial institution headquartered at 515 Congress Ave, Suite 2000, Austin, TX 78701. Defendant is a furnisher of information as defined by 15 U.S.C. § 1681s-2(a) & (b), regularly providing information to consumer reporting agencies (CRAs).

## FACTUAL ALLEGATIONS

6. Plaintiff entered into a credit builder account agreement with Defendant Self Financial, Inc., serviced by Sunrise Banks, N.A., beginning on June 23, 2022.

7. Plaintiff made several payments under the agreement, but Defendant reported inaccurate and conflicting information to the credit reporting agencies regarding Plaintiff's payment history.

8. Defendant's credit report for Plaintiff inaccurately reflected a maximum delinquency of 60 days in January 2023, despite also listing the account as "Paid, Closed; was paid as agreed."

9. The payment history on the report shows the account as being "30 days late" in December 2022 and "60 days late" in January 2023. However, the account is also reported as "Paid as agreed," creating a contradiction in the reported status of the account.

10. Plaintiff disputed these inaccuracies by mailing a formal dispute letter to Defendant on or around August 18, 2024.

11. On August 02, 2024, Defendant responded via email, providing a timeline of payments that included further inconsistencies in its own records.

12. Despite Plaintiff's attempts to clarify and resolve the inaccuracies, Defendant failed to conduct a reasonable investigation or correct the erroneous information being reported.

13. In its communications with Plaintiff, Defendant provided conflicting and misleading information regarding the grace period for payments and the status of Plaintiff's payments, further exacerbating the inaccuracies in the reporting.

14. As a result of Defendant's inaccurate reporting and misrepresentations, Plaintiff has suffered damage to her credit score and overall creditworthiness, causing emotional distress, frustration, and financial harm.

## COUNT I:

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) – 15 U.S.C. § 1681s-2(b)

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

16. Pursuant to 15 U.S.C. § 1681s-2(b), once Defendant received Plaintiff's dispute, it had a duty to investigate the accuracy of the information being reported to the credit reporting agencies.

17. Defendant failed to conduct a reasonable investigation into Plaintiff's dispute regarding the inaccuracies on the credit report.

18. Defendant failed to correct or remove inaccurate and contradictory information, including late payments and delinquency statuses, which are inconsistent with the actual payment history and account status.

19. As a result of Defendant's willful or negligent noncompliance with 15 U.S.C. § 1681s-2(b), Plaintiff has suffered damages, including harm to credit reputation, denial of credit opportunities, and emotional distress.

20. Defendant's actions were willful, entitling Plaintiff to statutory damages under 15 U.S.C. § 1681n. In the alternative, Defendant's actions were negligent, entitling Plaintiff to actual damages under 15 U.S.C. § 1681o.

## COUNT II:

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) – 15 U.S.C. § 1681s-2(a)

21. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Defendant violated 15 U.S.C. § 1681s-2(a) by reporting inaccurate and incomplete information regarding Plaintiff's credit account, specifically by reporting delinquencies that were inconsistent with the "Paid as agreed" status of the account.

23. Defendant also failed to provide accurate terms for the account, including erroneously reporting $0 terms while charging monthly payments.

24. Defendant's violations of 15 U.S.C. § 1681s-2(a) have caused Plaintiff harm, including damage to creditworthiness and emotional distress.

## COUNT III: MISREPRESENTATION (COMMON LAW)

25. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

26. Defendant, in the course of its communications with Plaintiff, made false representations regarding key terms and facts related to the account, including but not limited to the grace period for late payments and the status of Plaintiff's payments.

27. Defendant's statements regarding the grace period were inconsistent and misleading, as it provided Plaintiff with conflicting information about whether the grace period was 15 days or 30 days.

28. Defendant further misrepresented the nature of Plaintiff's payment status and delinquencies, including inaccurately reporting that Plaintiff's account was current for certain months despite a record of missed payments.

29. These misrepresentations were material and were made either with knowledge of their falsity or with reckless disregard for the truth.

30. Plaintiff relied on these misrepresentations, to her detriment, in disputing the inaccuracies on her credit report and in assessing the impact on her credit score.

31. As a result of Defendant's misrepresentation, Plaintiff suffered damages, including harm to her credit reputation, financial harm, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kalaiah Jefferson, respectfully requests that this Court enter judgment in her favor and against Defendant, Self Financial, Inc., and award Plaintiff:

a. Actual damages;

b. Statutory damages as provided under the FCRA, 15 U.S.C. § 1681n(a)(1)(A);

c. Punitive damages as provided under the FCRA, 15 U.S.C. § 1681n(a)(2);

d. Damages for misrepresentation, including compensatory and punitive damages as allowed by law; and

e. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 10th day of September 2024.

/s/ Kalaiah Jefferson
KALAIAH JEFFERSON
P.O. Box 2234
Douglas, Georgia 31534
KalaiahJefferson17@gmail.com
(772) 801-9417
*Pro Se Litigant*

Kalaiah Jefferson
PO Box 2234
Douglas, Ga 31534

US District Court
600 James Brown
Augusta, GA 30901

---

**UNITED STATES POSTAL SERVICE** — Retail

**G** US POSTAGE PAID $5.10
Origin: 31533
09/10/24
1226730768-32

USPS GROUND ADVANTAGE™

0 Lb 3.10 Oz
RDC 01

C065

SHIP TO:
600 JAMES BROWN BLVD
AUGUSTA GA 30901-2332

USPS TRACKING® #
9500 1136 7136 4254 6371 20